THE PEOPLE, &c. *ex rel.* E. B. WASHBURNE, Prosecuting Attorney for the Jo Daviess County Court, *v.* THOMAS H. CAMPBELL, Auditor, &c.

### *Application for a Mandamus.*

The Legislature has not the power to repeal a law by a joint resolution of the two Houses of the General Assembly, without such resolution having undergone the three several readings prescribed by the 16th section of the 2nd Article of the Constitution, and without its having been submitted to, and received the approval of the Council of Revision.

The Legislature provided by law for the election of a Prosecuting Attorney for a particular county, and fixed the salary, but adjourned without filling the office. A joint resolution was subsequently passed, authorizing the Governor to appoint the officer, to hold until a further provision by law, "without any compensation from the State." An officer was appointed by the Governor, who served two years, and claimed the salary provided by the law: *Held,* that whatever might have been the intention of the Governor, at the time he made the appointment, he could not have made it under the law first mentioned, and that the officer held his office by virtue of the joint resolution, and, therefore entitled to no compensation from the State by virtue of the law.

THE following statement of facts was submitted by the parties for the opinion of the Court:

1. That by an Act passed March 1, 1845, establishing the Jo Daviess County Court, provision was also made for the election of a Prosecuting Attorney by the Legislature, and his salary fixed at one hundred dollars per annum, payable quarter yearly out of the State Treasury.

2. That the Legislature failed to elect such an attorney, according to the provisions of this law; but subsequently, and before the end of the session, passed a joint resolution authorizing the Governor to appoint a Prosecuting Attorney, to hold his office until otherwise provided by law, without any compensation from the State.

3. That the Relator, E. B. Washburne, was appointed and commissioned Prosecuting Attorney for the Jo Daviess County Court by the Governor of Illinois, on the 3d day of March, 1845, and has fulfilled and discharged the duties of

that office from the date of his appointment to the present time, and that there has been no other Prosecuting Attorney of said Court.

Upon this statement of facts, the Auditor, Thomas H. Campbell, agreed that if the Court should be of opinion that the Relator is entitled to the salary of one hundred dollars per annum, as Prosecuting Attorney, under the Act of March 1, 1845, a peremptory *mandamus* may issue against him, in the first instance, to compel the issuing of a warrant on the Treasury for the amount of such compensation; but, if otherwise, judgment is to be in favor of the defendant.

*J. Butterfield* argued for the Relator, and the Auditor submitted the case on the agreed statement of facts.

Per Curiam.* The first question presented involves the power of the Legislature to repeal a law by a *joint resolution* of the two Houses of the General Assembly, without such resolution having undergone the three several readings prescribed by the 16th section of the 2nd article of the Constitution, and without its having been submitted to, and received the approval of the Council of Revision. We are all of opinion that it has no such power, and that the law in question has not been repealed.

The resolution referred to by the agreement, passed the House of Representatives, March 3rd, 1845, was concurred in by the Senate on the same day of its passage through the House, and is in the following form:

*Resolved by the House of Representatives, the Senate concurring herein,* That the Governor be, and he is hereby authorized to appoint a Prosecuting Attorney for the Jo Daviess County Court, to hold his office until otherwise provided by law, without any compensation from the State. All his official acts are hereby declared to be as legal and valid as

---

* Wilson, C. J. and Lockwood, J. did not sit in this case.

though elected by the Legislature." See House Journal of 1844–5, page 611, and Senate Journal of the same session, page 452.

The Relator was appointed Prosecuting Attorney on the same day of the passage of this joint resolution, and the remaining question is, was he appointed by the Governor, by virtue of the Act of the 1st of March, 1845, and entitled to the one hundred dollars per annum for his services, as provided for by that law; or does he hold his office under the joint resolution of the 3rd of March following, upon condition that he was to receive no compensation for his services from the State?

As to the first branch of the inquiry, we are of opinion, whatever may have been the intention of the Governor at the time he made the appointment, that he could not have made it legally under the Act of the 1st of March, for the reason that the law provided for the election, in the first instance, by the Legislature; the Legislature had not made such selection, and, consequently, no such vacancy in the office had occurred as would, under the Constitution of the State, have authorized him to have exercised such a power. The case of *The People*, ex rel. *Ewing*, v. *Forquer*, Secretary of State, is directly in point. Bre. 68.

We are therefore constrained to believe that the Relator held his office of Prosecuting Attorney, if at all, by virtue of an appointment made by the Governor under the joint resolution before referred to, and, as such, is entitled to no compensation for his services from the State under the Act of the 1st of March, 1845.

Application for a *mandamus* dismissed, at the costs of the Relator.*

*Application dismissed.* ·

---

* The Legislature subsequently made an appropriation in favor of the Relator for the services rendered.